[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10558

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

MITCHELL LEM FINNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00044-TFM-B-1

_____

Before JORDAN, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

Mitchell Finney appeals from his conviction, following a jury trial, for deprivation of rights under color of law resulting in bodily injury, in violation of 18 U.S.C. § 242. According to the indictment, the offense occurred when Finney, acting as a Sheriff's Deputy in Clarke County, Alabama, punched and used pepper spray on an elderly psychiatric patient who had already been subdued and handcuffed by earlier-arriving officers. On appeal, Finney argues that: (1) the trial evidence was insufficient for the jury to conclude that he caused bodily injury to the victim because there was no evidence that the victim subjectively experienced pain; and (2) the district court abused its discretion by denying his motion for a new trial based on newly discovered evidence of juror misconduct without holding a hearing. After careful review, we affirm.

We review the sufficiency of the evidence *de novo*, "view[ing] the evidence in the light most favorable to the prosecution and draw[ing] all reasonable inferences and credibility choices in favor of the jury verdict." *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013). "[W]e must affirm a conviction unless there is no reasonable construction of the evidence from which the jury could have found the [defendant] guilty beyond a reasonable doubt." *Id.* We review a district court's decision to grant or deny an evidentiary hearing on a motion for new trial for abuse of discretion. *United States v. Schlei*, 122 F.3d 944, 990 (11th Cir. 1997).

21-10558               Opinion of the Court                  3

First, we are unpersuaded by Finney's argument that there was insufficient evidence of bodily injury to support his conviction.[1] A violation of § 242 requires proof that the defendant, while acting under color of law, deprived the victim of his rights. 18 U.S.C. § 242. If the deprivation results in "bodily injury," the maximum term of imprisonment increases from one to ten years. *Id.* "[T]he term 'bodily injury' means—(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." *United States v. Myers*, 972 F.2d 1566, 1572-73 (11th Cir. 1992) (quotations omitted).

"[C]ircumstantial evidence may be used to establish an element of a crime, even if the jury could draw more than one reasonable inference from the circumstantial evidence, and in judging sufficiency of the evidence, we apply the same standard whether the evidence is direct or circumstantial." *United States v. Langford*, 647 F.3d 1309, 1319 (11th Cir. 2011). "But [w]hen the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (quotations omitted).

---

[1] Notably, Finney does not appeal the jury's conclusion that he violated the victims' rights when he struck and pepper sprayed him; he is only appealing the jury's finding of "bodily injury," which increases the maximum sentence under the statute.

Here, there was sufficient evidence for the jury to find that Finney caused bodily harm to the victim. As the record reflects, the jury heard testimony -- from law enforcement, people who have experienced the effects of pepper spray, and an expert -- that pepper spray causes eye burning, temporary blindness, difficulty breathing, a burning feeling on bare skin, and pain. Finney himself testified that being pepper sprayed is "not a good feeling" and that the victim's eyes were "on fire." Upon hearing this testimony, the jury reasonably inferred that the victim experienced pain or organ impairment in the form of temporary blindness when he was pepper sprayed and, therefore, suffered "bodily injury." *Langford*, 647 F.3d at 1319; *Myers*, 972 F.2d at 1572-73.

As for Finney's claim that the victim experienced fewer effects because he was "drugged and mentally disturbed," Finney presented no evidence to the jury to support this claim. Rather, several experts testified that the victim felt the effects of pepper spray. Similarly, while Finney notes that he was the second officer to spray the victim that day, Finney never presented evidence that a second spray would not cause pain. Regardless, even if a second spray caused more or less pain than the first one, the level of pain is irrelevant as to whether there was a bodily injury. *Myers*, 972 F.2d at 1572-73. Finney's citation to cases that warn against making assumptions about the dangerousness of pepper spray based on its label and advertisements is also irrelevant since the jury did not hear evidence of its label and advertisement. Accordingly, we affirm as to Finney's sufficiency-of-the-evidence argument.

We also find no merit to Finney's claim that the district court abused its discretion by denying his motion for a new trial. Motions for a new trial are governed by Federal Rule of Criminal Procedure 33, which provides that, upon the defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (quotations omitted). An evidentiary hearing is not required if the record contains all the evidence needed to dispose of each ground asserted as the basis for a new trial. *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013).

"[A] motion for new trial based on juror misconduct is a form of new trial motion for newly discovered evidence." *United States v. Bolinger*, 837 F.2d 436, 439 (11th Cir. 1988). Accordingly, the defendant has "the burden of establishing in [his] motion[] that the evidence was in fact newly discovered and that failure to discover it prior to verdict was not due to a lack of due diligence." *United States v. Calderon*, 127 F.3d 1314, 1351 (11th Cir. 1997). Further, to obtain a new trial based on alleged juror misconduct during voir dire, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *United States v. Perkins*, 748 F.2d 1519,

1531 (11th Cir. 1984) (quotations omitted). "A relationship between a juror and defendant, albeit a remote one, can form the basis of a challenge for cause." *Id.* at 1532. A party seeking a new trial based on a juror's non-disclosure during voir dire must show actual bias, which may be shown either "by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed." *Id.* (quotations omitted). "A juror's dishonesty is a strong indication of bias." *United States v. Carpa*, 271 F.3d 962, 967 (11th Cir. 2001). The inclusion of a biased juror on a jury is never harmless. *Id.*

However, there is no per se rule requiring the trial court to investigate alleged juror misconduct, and "[t]he duty to investigate arises only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of jury impartiality." *United States v. Cuthel*, 903 F.2d 1381, 1382-83 (11th Cir. 1990) (quotations omitted). "A court enjoys substantial discretion in choosing the investigative procedure to be used in checking for juror misconduct." *Carpa*, 271 F.3d at 967 (quotations omitted). "The more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate." *Cuthel*, 903 F.2d at 1383 (quotations omitted). Notably, "a defendant alleging juror bias must do more than speculate." *United States v. Sammour*, 816 F.3d 1328, 1339 (11th Cir. 2016) (quotations omitted). "[H]e must show clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred." *Cuthel*, 903 F.2d at 1383 (quotations omitted).

In this case, Finney is not challenging the district court's ultimate denial of his motion for a new trial, but only that the court did so without holding an evidentiary hearing. Nevertheless, the district court did not abuse its discretion in declining to hold a hearing on Finney's juror misconduct claim because the record contained all the evidence needed to dispose of the motion. As the record reveals, Finney's allegation of juror misconduct -- that a female juror had remembered him, held a thirty-year grudge against him for not reciprocating her romantic interest, and lied about it -- is purely speculative because he offers no proof of these claims. Rather, his claim is based on a vague statement from his sister, and even he admitted that he did not recognize the juror. This situation stands in stark contrast to the court's removal for cause of another juror who said he'd known Finney's family his whole life.

Nor did Finney show that his failure to discover evidence of a potential relationship with the juror was not due to his lack of due diligence. At trial, Finney declined to question the juror further, and he did not investigate her until *after* the trial was over even though he had access to her personal information during the trial. He likewise declined the opportunity to present additional information about juror misconduct at the sentencing hearing when he was given an opportunity to do so by the court. Accordingly, we affirm.

**AFFIRMED**.